UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

SALVADOR MORALES-TOLENTINO,

                Petitioner,

                v.

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, et al.,

                Respondents.

Case No. 5:26-cv-02306-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEEDINGS**

On May 3, 2026, petitioner Salvador Morales-Tolentino ("Petitioner"), through counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1).[1]

---

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

1

The Petition alleges the following claims for habeas relief: (1) Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) is ultra vires, inconsistent with statutory text and violative of longstanding regulatory practice; (2) Petitioner's continued detention without bond violates the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process Clause; and (3) Respondents' new policy (considering noncitizens such as Petitioner pursuant to § 1225(b)(2)(A)) violates the Administrative Procedure Act because it was adopted without notice-and-comment and in excess of statutory authority.  (Petition at 4). The Petition seeks Petitioner's release from custody or, in the alternative, a bond hearing.  (Id. at 4-5).

In accordance with General Order 26-05 filed on May 4, 2026 (see Docket No. 5), Respondents filed an Answer to the Petition ("Answer") on May 11, 2026 (Docket No. 8).

In their Answer, Respondents contend that Petitioner appears to be a member of the Bond Eligible Class of detainees certified in Maldonado-Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista"), and that, as such, Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

(Answer at 2 ["Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (Dec. 18, 2025), and amended and superseded on reconsideration, --- F. Supp. 3d ---, 2025 WL 3713987 (Dec. 18, 2025)."]).[2]

2    The members of the certified Bond Eligible Class are: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Bautista, 813 F. Supp. 3d at 1077-78. On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista, 813 F. Supp. 3d at 1084. Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (citation omitted). "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

Petitioner did not file a Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court finds that habeas relief is warranted and, therefore, grants the Petition.

## II.

## BACKGROUND[3]

Petitioner alleges that he entered the United States "many years ago" and has continuously resided here ever since. (Docket No. 1 at 7). He is married to a Lawful Permanent Resident and is the father of five United States Citizen children. (Id.). Petitioner's brother, who is a United States citizen, filed an I-130 family petition for Petitioner on or before April 30, 2001. (Id.). In 2024, Petitioner's son, who is also a United States citizen, filed a subsequent I-130 petition. (Id.). As a result, Petitioner was scheduled for an adjustment of status interview in Santa Ana, California on April 8, 2026. It was the conclusion of this interview that ICE agents arrested Petitioner without any other cause or violation. (Id.). ICE/DHS has issued a Notice to Appear charging inadmissibility under § 212(a)(6)(A)(i) ("present without admission"). (Id.).

Following his arrest and detention, Petitioner had a hearing before the Adelanto Immigration Court in which the Immigration Court found that it lacked jurisdiction to conduct a bond hearing for Petitioner, citing Matter of Yajure Hurtado and the DHS memorandum extending § 1225(b)(2)(A) to "arriving aliens" already present in the U.S. (Docket No. 1 at 8). The Immigration Court also claimed that it lacked jurisdiction in light of the pending case Maldonado Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM. (Id.). As a result, Petitioner has remained in custody without any opportunity for a bond determination, despite strong family and community ties and no danger to the community. (Id.).

---

[3]   The Background is primarily based on the allegations in the Petition.

4

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

Here, it is undisputed that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The Bond Eligible Class includes:

///

5

All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.  Id. at 1127.

Petitioner satisfies each of these criteria.  He entered the United States without inspection "many years ago;" he was not apprehended upon his arrival (nor did he have any interaction with immigration authorities until his April 8, 2026 detention); and no one contends that he is subject to one of the mandatory-detention schemes enumerated in the Bond Eligible Class definition.  Therefore, since it appears that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista, Petitioner should receive the same type of bond hearing that other class members have consistently received from the same court that entered judgment in Maldonado Bautista—that is, one in which the Government bears the burden of showing by clear and convincing evidence that the Bond Eligible Class member should be detained pending removal proceedings.  See, e.g., Munoz v. Johnson, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); Benites v. Janecka, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); Martinez v. Rios, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026).  There is no cause to give Petitioner a lesser or different form of relief than that being given to other Bond Eligible Class members by the Maldonado Bautista court.

Accordingly, the Court finds that Petitioner is entitled to habeas relief and to a grant of his petition for writ of habeas corpus under 28 U.S.C. § 2241, consistent with the declaratory judgment and other relief ordered by the court in Maldonado Bautista.

/ / /

Accordingly, the Petition is GRANTED, and a writ shall issue as ordered herein. [2]

**VI.**

**CONCLUSION**

IT THEREFORE IS ORDERED that Judgment be entered granting the Petition as follows: Within 7 days of this order, Respondents are ORDERED to release Petitioner, unless he is provided with an individualized bond hearing at which the Government must prove by clear and convincing evidence that Petitioner should be detained pending removal proceedings. To satisfy that condition, the immigration judge must exercise his or her discretion to make an individualized determination whether Petitioner should be detained based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal. See Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must also provide a statement of reasons, orally or in writing, for his or her decision. See 8 C.F.R. § 1003.19(f). Those reasons must be adequate to permit meaningful review by the BIA (or any other reviewing body) if an appeal is taken by either party. See 8 C.F.R. § 1003.38.

IT IS FURTHER ORDERD that Respondents are to file a statement with the Court within one business day of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: May 27, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE